## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**SANDY RUSSELL GLOVER, #319772,**

      **Petitioner,**

                                  **Civil No: 07-CV-11912**
                                  **Honorable Nancy G. Edmunds**
                                  **Magistrate Judge Steven D. Pepe**

**v.**

**CARMEN PALMER,**

      **Respondent.**

_____/

## OPINION & ORDER GRANTING RESPONDENT'S MOTION FOR
## SUMMARY JUDGMENT & DISMISSING HABEAS PETITION

### I. Introduction

      This habeas matter is before the Court on Petitioner's request through counsel for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was convicted of assault with intent to cause great bodily harm less than murder for allegedly assaulting a fellow inmate. The incident arose while Petitioner was confined in the Livingston County Jail awaiting trial on another criminal matter[1].

_____

[1]The matter in which he was awaiting trial involved a different circumstance and a different victim, but, coincidentally Petitioner was charged with the same offense (i.e., assault with intent to cause great bodily harm less than murder). Petitioner filed a habeas case in that matter two months prior to a habeas petition being filed in this case; and that case is presently pending before Judge Patrick J. Duggan under case number 07-CV-11305. The matter before Judge Duggan has similar statute of limitations issues that will be resolved separate and a part from this case. Although both cases involve the same Petitioner, arose in close proximity of time, and the charge is the same, the convictions from which Petitioner is seeking habeas relief differ in the following manner: (1) differences in the issues that have been presented for habeas review; (2) the victims are different; (3) the circumstances giving rise to the charged offenses are different; (4) the convictions are different; and (5) different attorneys were involved at the trial court level in Petitioner's representation. Accordingly, the Court does not find that 07-CV-11305 is a companion case to, nor should be consolidated with this case. See E.D. Mich. LR

He was sentenced to ten to fifteen years' imprisonment. Petitioner raises the following issues for habeas review: (1) whether appellate counsel was ineffective due to his failure to timely file a direct appeal as of right, which resulted in a delayed application for leave to appeal being filed; (2) whether Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated when illegal photographic identification procedures were implemented; and (3) whether Petitioner's due process rights were violated when the trial court relied upon challenged and inaccurate information, and the state appellate courts failed to adequately address his claims relative to the matter.

Respondent filed a summary judgment motion asserting that Petitioner's claims should be dismissed as his habeas petition was filed beyond the statutory period of limitations. Petitioner filed a responsive pleading stating that although he and Respondent differ on the date when Petitioner's post-judgment motion was filed, and therefore when the statue of limitations period was tolled, Petitioner concedes that his habeas petition was filed beyond the statutory period. However, Petitioner argues that the doctrine of equitable tolling should be applied by the Court as a basis for his habeas petition to remain viable. For the reasons set forth below, the Court grants Respondent's summary judgment motion and dismisses Petitioner's habeas petition as barred by the statute of limitations.

## II.  Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

83.11 (b)(7)(A) ("[c]ompanion cases are those in which it appears that: (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence."); see also Fed. R. Civ. P. 42(a) (consolidation is proper if the "actions before the court involve a common question of law or fact . . .  ").

any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir. 2000), quoting Fed R. Civ. P. 56(c). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F.Supp.2d 767, 770 (E.D. Mich. 2003).

## III.  Discussion

### A.  Statutory Period of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution  or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. See *Holloway v. Jones,* 166 F.Supp.2d 1185, 1187 (E.D. Mich. 2001).

### B.  Timing of Petitioner's Filings & Petitioner's Argument

In this case, the Petitioner does not dispute the filing chronology relative to his pleadings, nor  when trial and appellate orders were issued, which succinctly is as follows:

- **1/22/01** - Petitioner was sentenced on January 22, 2001.

• **5/13/02** - Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals which was denied on May 13, 2002. *People v. Glover* Mich. Ct. App. No. 239080 (May 13, 2002).

• **12/30/02** - Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court which was held in abeyance on December 30, 2002 pending the decisions in *People v. Aliakbar,* (Docket No. 120256) and *People v. Babcock*, (Docket No. 121310). *People v. Glover,* 655 N.W.2d 564 (Table) Mich. Sup. Ct. No. 121849 (Dec. 30, 2002).

• **10/16/03** - Petitioner's delayed application for leave to appeal was ultimately denied on October 16, 2003 upon a decision being made in the above referenced *People v. Aliakbar* and *People v. Babcock* matters. *People v. Glover,* 469 Mich. 940; 670 N.W.2d 668 (Table) Mich. Sup. Ct. No. 121849 (Oct. 16, 2003).

• **12/30/03** - Petitioner filed a motion for reconsideration with the Michigan Supreme Court which was denied on December 30, 2003. *People v. Glover,* 674 N.W.2d 155 (Table) Mich. Sup. Ct. No. 121849 (Dec. 20, 2003).

• **10/22/04** - Petitioner filed a motion for relief from judgment with the trial court on October 22, 2004.

• **1/27/05** - Petitioner's post-judgment motion was denied on January 27, 2005.

• **10/5/05** - Petitioner filed a delayed application for leave to appeal on October 27, 2005 (the delayed application was signed by the Petitioner on October 5, 2005) with the Michigan Court of Appeals in order to appeal the January 27, 2005 post-judgment order.

• **5/17/06** - Petitioner's delayed application for leave to appeal was denied on May 17, 2006. *People v. Glover,* No: 266108 (Mich. Ct. App. May 17, 2006).

4

● **6/16/06** - Petitioner filed an application for leave to appeal with the Michigan Supreme Court on June 27, 2006 (the application was signed by the Petitioner on June 16, 2006).

● **10/31/06** - Petitioner's application for leave to appeal was denied on October 31, 2006. *People v. Glover,* 477 Mich. 906; 722 N.W.2d 818 (Table) Mich. Sup. Ct. No. 131529 (Oct. 31, 2006).

● **5/1/07** - Petitioner's petition for habeas relief was filed by retained counsel on May 1, 2007.

Petitioner concedes that his habeas petition is untimely, but argues that the statutory limitations time period should be equitably tolled for the following reasons: (1) a subsequent change in the law which now states that the limitations period is not further tolled pursuant to 28 U.S.C. §2244(d)(2) for time (i.e., 90 days) during which a petition for writ of certiorari could be filed with the Supreme Court seeking review of the denial of state post-conviction relief[2]; (2) Petitioner's prior *pro se* representation; (3) the unorganized, incomplete and voluminous state in which Petitioner's file was in when counsel was retained; (4) Petitioner's retained counsel maintains a busy law practice; and (5) within a standard "Order Requiring Responsive Pleading" entered on May 4, 2007 it states that this matter "is not subject to summary dismissal under Rule 4, Rules Governing Section 2254 Cases" and therefore this habeas petition should survive any statute of limitations scrutiny.

**C. Equitable Tolling**

The habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling. See *Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir. 2001). Nevertheless, "equitable tolling [should] be applied sparingly [.]." *Id.* at 1008. In determining

---

[2] See *Lawrence v. Florida,* __U.S. ___, 127 S.Ct. 1079 (2007).

whether equitable tolling is appropriate, the Court must consider "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* Case law further provides that some extraordinary circumstance which stands in the way of a petitioner's failure to comply with the time requirements must be shown in order to support equitable tolling. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); see also, *Andrews v. Orr,* 851 F.2d 146, 152 (6th Cir. 1988). The "extraordinary circumstances" beyond the petitioner's control must " make it ***impossible*** to file a petition on time." *Moore v. Hawley,* 7 F.Supp.2d 901, 904 (E.D. Mich. 1998) (emphasis added). The doctrine applies "only when . . . other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir. 2002). "'Excusable neglect'" nor ignorance of the law alone are insufficient to invoke equitable tolling." *Id.* "The petitioner bears the burden of establishing that he is entitled to equitable tolling" *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).

1. <u>Subsequent Change in the Law</u>

Under 28 U.S.C. 2244(d)(1)(A), the one year limitations period in which to file a habeas petition runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of that time for seeking such review." In this case, the final judgment date is when the Michigan Supreme Court rendered its decision on December 30, 2003. Prior to the *Lawrence v. Florida* decision, following a ruling from the Michigan Supreme Court relative to a post-judgment appeal, a petitioner was allowed a 90-day certiorari period in which to file an appeal with the United States Supreme Court. *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) overruled by

*Lawrence v. Florida,* __U.S. ___, 127 S.Ct. 1079 (2007). If the petitioner chose not to file such an appeal, following the expiration of the 90-day certiorari period, the one-year statute of limitations period would begin to run on the petitioner's habeas filing. Petitioner claims that he and retained counsel relied upon the law under *Abela,* and that this change in the law, which in effect took away 90 days from the time in which Petitioner could file a timely habeas petition, made it more immediate for a timely habeas petition to be filed.[3] In other words, but for the change in the law, Petitioner's habeas petition would have been timely, and such a change in the law constitutes an extraordinary circumstance under which equitable tolling should be applied. *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004). Respondent does not address any equitable tolling arguments in her pleadings.

Petitioner argues that the law in *Abela v. Martin* should apply in this case; and that the 90-day certiorari period should be equitably tolled. If the Court acts in this manner, Petitioner contends that his habeas petition would have been timely filed on July 9, 2007, thereby not making a May 1, 2007 filing untimely. Petitioner further claims that without the benefit of the 90-day certiorari period, the habeas petition was due on April 9, 2007, which made his filing 22 days late. Accordingly, it is Petitioner's position that the change in the law constitutes an extraordinary circumstance which requires the application of equitable tolling principles. The Court disagrees.

Petitioner and Respondent set forth conclusions regarding their computations relative to the

---

[3]When counsel was retained by Petitioner in December 2006, counsel believed he had until July 9, 2007 to prepare Petitioner's habeas petition. However, the *Lawrence v. Florida* decision, rendered on February 20, 2007, changed the state of the law; and habeas petitioners were no longer permitted to include the 90-day certiorari period as part of the one-year statute of limitations period in which to file habeas petitions following state post-judgment review. *Lawrence v. Florida,* __U.S. ___, 127 S.Ct. 1079 (2007). Therefore, the due date for Petitioner's habeas petition was unexpectedly moved up from July 9, 2007 to April 9, 2007.

passage of time on the one-year statute of limitations. After conducting its own calculations, the Court agrees with Petitioner's computations and finds that if Petitioner had the benefit of the 90-day certiorari period under *Abela v. Martin*, his petition would not have been due for filing until July 9, 2007. Therefore, Petitioner's May 1, 2007 habeas filing would have been timely. Likewise, the Court finds that Petitioner's calculations are accurate if the *Lawrence v. Florida* ruling is in effect and Petitioner did not have the additional 90-day grace period in which to file his habeas petition. His petition would have been due for filing on April 9, 2007 and was in fact 22 days late since it was not actually filed until May 1, 2007. The issue is whether this change in the law created an extraordinary circumstance which justifies equitable tolling in this matter so as to avoid dismissal on statute of limitations grounds.

The Court finds that under the right set of facts, equitable tolling would be appropriate where the state of the law at the time of the completion of a petitioner's state post-conviction appeals was such that the statute of limitations was tolled pursuant to 28 U.S.C. §2244(d)(2) for the time during which a petition for writ of certiorari could be filed with the Supreme Court seeking review of the denial of state post-conviction relief. However, the Court does not find that those facts are present in this case.

Petitioner completed his state collateral proceedings on October 31, 2006. Petitioner retained counsel approximately two months later in December 2006; and the law changed on February 20, 2007. Counsel had possession of Petitioner's file for approximately four months before the statute of limitations period expired under *Lawrence v. Florida*. Counsel would not have known this fact until February 20, 2007 when the law changed, thus leaving counsel 49-days to prepare a habeas petition. Although 49-days certainly shortened the window of time in which counsel had to prepare

8

a habeas petition on Petitioner's behalf, it was not *impossible* for a habeas petition to be filed timely. In this case, Petitioner filed a standard form habeas petition with an outline of the issues raised on appeal and a subset of those same issues for habeas review. Within the habeas petition it states "[u]ndersigned counsel intend to file a memorandum brief in support of these arguments within at most, 30 days." Pet. at 5. The Court accepted Petitioner's subsequent "Memorandum in Support of Petition for Writ of Habeas Corpus." which was filed 43 days later on June 13, 2007. The Court finds that this same course of action could have occurred in a timely manner prior to April 9, 2007. Although the Court recognizes that Petitioner was under more pressure to meet the habeas filing deadline, it was not *impossible* for it to be done since Petitioner had time in which to meet the statutory deadline and had possession of the file for four months prior to the expiration of the statutory period.

Petitioner has brought two cases to the Court's attention in support of his position that a subsequent change in the law, which can affect the statute of limitations, constitutes an "extraordinary circumstance," *Harris v. Carter,* 515 F.3d 1051 (9th Cir. 2008) and *Lawrence v. Parker,* 2007 WL 2746935 (M.D. Tenn. 2007). However, the difference between the *Harris v. Carter* and *Lawrence v. Parker* cases and the instant case is that the petitioners in those cases had **no time** in which to comply with the statute of limitations. In other words, the day the law was changed, their habeas filings became time-barred. Under those circumstances, it was indeed *impossible* for their habeas petitions to be filed on time. Those are not the factual circumstances before the Court. Petitioner's counsel had time in which to file the requisite habeas petition despite the change in the law. Because it was not done, the petition is time-barred.

2. <u>Counsel's Unawareness or Mistake</u>

Retained counsel's statement within the petition filed on Petitioner's behalf states as

follows:
>Undersigned counsel intend to file a memorandum brief in support of
>these arguments within at most, 30 days. However, they are filing the
>petition, absent a supporting brief, at this time because little time
>remains on the AEDPA clock.

Pet. at 5. This statement indicates to the Court that retained counsel believed that he was filing a

timely petition on May 1, 2007, but just not a comprehensive one. It further suggests that the habeas

petition was untimely, not because of a change in the law, but because of retained counsel's either

unawareness of the change in the law or a mathematical miscalculation. Lack of awareness of the

law or limitations period does not toll the limitations period. *Jurado v. Burt,* 337 F.3d 638, 642,

644-45 (6th Cir. 2003)(lawyer's mistake is not a proper basis for equitable tolling); *Miller v. Cason,*

49 Appx. 495, 497 (6th Cir. 2002)(lack of knowledge of the law does not excuse the failure to timely

file a habeas corpus petition). *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)(ignorance of the

law is not sufficient to warrant equitable tolling); *Brown v. United States,* 20 Appx. 373, 374 (6th

Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period.") . Accordingly,

retained counsel's statement contributes to making Petitioner's equitable tolling argument

unpersuasive.

3. <u>Busy Law Practice</u>

Retained counsel's statement within the "Declaration of Mark Kriger" states in part:

>Needless to say, the representation of Mr. Glover was not our firm's only
>responsibility. In addition to working on Mr. Glover's cases, and a regular schedule
>of court appearances, between February 20, and May 1, 2007 we also did the
>following . . .

Answer in Opp. Attachment, ¶13 at 5. The "Declaration" goes on to list six matters retained

counsel's firm worked on during the stated time period. *Id* at 3-4. Therefore, it is retained counsel's position that due to the busy law practice of the firm that there was insufficient time to file the habeas petition timely. " . . . The fact that an attorney [is] busy on another matter [does] not constitute excusable neglect." *Marsh v. Richardson,* 873 F.3d 129, 130 (6th Cir. 1989) (brackets in original). "[The] fact that [petitioner's] attorney was 'preoccupied' with other matters [does] not constitute excusable neglect . . . Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." *Stonkus v. City of Brockton Sch. Dept.* 322 F.3d 97, 101 (1st Cir. 2003) (internal quotation omitted); *McLaughlin v. City of LaGrange,* 662 F.2d 1385, 1387 ( 11th Cir. 1981). As previously stated, excusable neglect is not a basis upon which equitable tolling is permitted. *Moore v. Hawley,* 7 F.Supp. 2d 901, 904 (E.D. Mich 1998). Since maintaining a busy law practice does not even rise to the level of constituting excusable neglect, it certainly cannot form a basis for equitable tolling in this matter. Therefore, the fact that retained counsel was being diligent resolving other matters for which his firm was retained is not a basis for this Court to apply the equitable tolling doctrine.

### 4. Incomplete & Disorganized File & *Pro Se* Status

Petitioner states that he has been representing himself *pro* se for several years relative to this matter, and as a result, the file that he turned over to retained counsel was in "serious disorder," "significantly incomplete," "intermixed and not organized at all," and a complete "shambles." As a result, Petitioner maintains that equitable tolling is appropriate in this case because the arduous hours of trying to put the file in some form of order further hindered retained counsel's ability to prepare Petitioner's habeas petition in a timely fashion.

The fact that Petitioner represented himself through the state appellate process and did not keep complete and organized records is not a basis for equitable tolling. See *Johnson v. U.S. Postal Serv. No.,* 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when *pro se* litigant missed filing deadline by one day). Moreover, the fact that retained counsel received Petitioner's file in an incomplete and disorganized state is likewise not a basis for equitable tolling. *Kiser v. Dretke,* 2004 WL 2331592 (N.D. Tex. 2004) (difficulty in obtaining records does not present an exceptional circumstance that warrants equitable tolling); *Ramirez Quiles v. Consorcio del Suroeste,* 208 F.R.D. 26, 28-29 (D. Puerto Rico 2002)(the court rejected petitioner's claim that an incomplete case file prevented him from filing a timely objections to the magistrate judge's report and recommendation.); *Cofer v. Johnson,* 2000 WL 1029201 (5th Cir. July 12, 2000) (the court rejected a claim for equitable tolling based on delay in receiving a copy of state court records); *Gassler v. Bruton,* 255 F.3d 492, 495 (8th Cir. 2001)(the court rejected the equitable tolling argument based on an alleged delay in receipt of a transcript). Petitioner only generally claims as a factor that the Court should consider that the incomplete and disorganized file contributed to the delay in filing a timely habeas petition. However, there are no specific allegations regarding which pleadings and/or parts of the record were "pirated" and unorganized to the point of being precluded from discerning the issues for habeas review and from filing a timely petition. Therefore, the Court does not find Petitioner's argument persuasive in this regard.

### 5. Rule 4, Rules Governing Section 2254 Cases

Petitioner contends that since the Court did not dismiss this matter during the screening process and ordered that the habeas petition be served under Rule 4, Rules Governing Section 2254 Cases, this case should not now be dismissed at this juncture. The Court disagrees for two reasons.

First, promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it **plainly appears from the face of the petition** and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Governing Section 2254 Cases (emphasis added). If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *Id.* As previously stated, the **face** of the petition directly represented to the Court that the habeas petition was timely when Petitioner stated that "little time remains on the AEDPA clock." Pet. at 5. Besides the dates of disposition relative to the initial appeals filed with the state appellate courts and the date Petitioner's post-judgment motion was decided, no other dates or time line were set forth within Petitioner's initial standard form habeas petition. Therefore, the Court was not in a position to challenge Petitioner's statement that " little time remains on the AEDPA clock."

Second, it is not the practice of this district to summarily dismiss habeas petitions on statute of limitations grounds. Respondent is provided the opportunity to challenge the timeliness of the habeas filing, while Petitioner is permitted to respond with equitable tolling arguments or explanations why the petition is in fact timely. Therefore, Petitioner's Rule 4 argument is without merit.

### 6. Cumulative Issues

Petitioner may argue that individually, the above stated issues may not justify equitable tolling, but a cumulative application of the above circumstances requires that the doctrine be implemented. Taken cumulatively, the Court finds that the combined effect of the above stated circumstances fails to rise to the level of an "extraordinary circumstance" beyond Petitioner's control. Although the change in the law was beyond Petitioner's control, it was still possible to file

a timely habeas petition. Moreover, the other issues raised in support of denying Respondent's motion for summary judgment do not rise to a level of circumstances external to Petitioner constituting an "extraordinary circumstance." Albeit the challenge was increased for Petitioner to file a timely habeas petition, Petitioner's own statements within the text of his habeas petition undermine an equitable tolling finding (i.e., unawareness of the law and/or an initial mistake in calculating the statutory period, inability to file a timely petition due to the law firm's magnitude of work, and disarray of the case file) as none of these reasons, individually or cumulatively constitute an "extraordinary circumstance" warranting equitable tolling.

## IV. Conclusion

Accordingly,

IT IS ORDERED that Respondent's Motion for Summary Judgment [Doc. 7-1, filed November 9, 2007] is **GRANTED**.

IT IS FURTHER ORDERED that the Petitioner for Writ of Habeas Corpus [Doc. 1-1, filed May 1, 2007] is **DENIED** and **DISMISSED WITH PREJUDICE**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 12, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 12, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager