UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY RUSSELL GLOVER,

Petitioner,

v.

THOMAS M. BIRKETT,

Respondent.
_________________________________/

Case No. 07-cv-11912

HONORABLE NANCY G. EDMUNDS

**OPINION AND ORDER CONDITIONALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. Introduction

Petitioner Sandy Russell Glover, a Michigan Department of Corrections inmate currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction and sentence for assault with intent to cause great bodily injury, entered following a jury trial in the Circuit Court for Livingston County, Michigan. The petitioner was sentenced to 10 to 15 years imprisonment, to run consecutively to the sentence imposed in another case.[1] The petitioner claims that he was denied the effective assistance of appellate counsel when his counsel failed to timely file an appeal as of right with the

[1]The petitioner filed another habeas petition challenging his conviction and sentence in the other case, *Glover v. Palmer*, No. 07-cv-11305, E.D. Mich. That habeas petition was denied by the Honorable Patrick J. Duggan of this court on March 29, 2010. On February 2, 2011, the Sixth Circuit issued a certificate of appealability as to several issues raised by the petitioner in his habeas before Judge Duggan, including the issue whether appellate counsel was ineffective for failing to file a timely appeal.

Michigan Court of Appeals. The petitioner also claims that his trial was tainted by illegal identification procedures and that his due process rights were violated when the trial court relied on inaccurate information in his sentencing. The respondent asserts that relief is not appropriate for the petitioner's first claim because he has failed to show that he was prejudiced as a result of the failure to file a timely appeal, and that relief is barred as to the petitioner's second and third claims because the petitioner procedurally defaulted those claims in state court. Upon review of the record, the Court finds the petitioner is entitled to habeas relief on his first claim, and therefore the petition will be conditionally granted as to that claim. As the results of the appeal may moot the petitioner's other claims, the remaining two claims in the petition will be dismissed without prejudice.

## II. <u>Facts and Procedural History</u>

The petitioner's conviction stems from an incident in the Livingston County jail in which the petitioner, while jailed pending trial on other charges, participated in a prison beating of an inmate charged with sexual offenses against a minor. The petitioner was tried jointly with another prisoner also accused of participating in the assault. In the course of the trial several inmates implicated the petitioner in the assault.

The petitioner was sentenced on January 22, 2001 to ten to fifteen years imprisonment, to be served consecutively to the sentence imposed in the case he was awaiting trial at the time of the incident. The sentence imposed was a substantial upward departure from the applicable sentencing guidelines. The transcript of the sentencing hearing reflects that the petitioner was advised of his right to appeal and the petitioner's trial counsel acknowledged receipt of a form requesting appointment of counsel. However, the circuit court docket

reflects that no notice of appeal was filed and appellate counsel was not appointed until the time for appeal had lapsed.

A delayed application for leave to appeal was filed by the petitioner's court-appointed appellate counsel on January 22, 2002, almost a year past the date the judgment of sentence was entered. The application raised the following claims: (1) the presentencing report contained inaccuracies; (2) emotionally charged language should have been deleted from the presentencing report; (3) the sentencing guidelines were improperly scored; (4) the admission of double-hearsay violated the petitioner's rights of confrontation; and (5) the petitioner's sentence exceeded the sentencing guidelines. The Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Glover*, No. 239080, (May 13, 2002).

The petitioner applied to the Michigan Supreme Court for leave to appeal the Court of Appeals' order denying relief. The Michigan Supreme Court initially held the application in abeyance pending disposition of two cases dealing with an issue raised in the petitioner's application. *People v. Glover*, No. 121849, 655 N.W.2d 564 (Table) (Mich. 2002).[2] The Michigan Supreme Court ultimately denied the application for leave to appeal in a summary order. *People v. Glover*, 469 Mich. 940 (Table) (2003).

The petitioner returned to the trial court and filed a motion for relief from judgment on January 10, 2005. The motion raised the following claims: (1) the police conducted an

---

[2]The cases cited in the Michigan Supreme Court order holding the petitioner's application for leave to appeal in abeyance dealt with the proper interpretation of Michigan's statutory sentencing guidelines, and in particular the circumstances in which a sentencing court abuses its discretion in departing from the sentencing guidelines. *See People v. Babcock*, 469 Mich. 247 (2003); *People v. Aliakbar*, No. 228262, 2001 WL 1167474 (Mich. App. 2001),*vacated*, 469 Mich. 866 (2003) (vacating judgment of Court of Appeals in light of *Babcock*)

illegal identification procedure in jail without defense counsel being present; (2) defense counsel had a conflict of interest; (3) erroneous jury instructions regarding assault with intent to commit great bodily harm; (4) ineffective assistance of appellate counsel in failing to file a timely appeal; and (5) illegal enhancement of petitioner's sentence. The trial court denied the motion on January 27, 2005. The Court of Appeals denied the petitioner's delayed application for leave to appeal the trial court's order "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Glover*, No. 266108 (May 17, 2006). The Michigan Supreme Court also denied the petitioner's application for leave to appeal, stating that the petitioner had failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). *People v. Glover*, No. 131529 (Oct. 31, 2006).

The petitioner then filed the present petition for writ of habeas corpus. The petition raises the following three claims: (1) appellate counsel was ineffective for failing to pursue a timely appeal of right; (2) illegal identification procedures were conducted; and (3) the petitioner was sentenced based on inaccurate information. The petition was dismissed by this Court on statute of limitations grounds. This dismissal was subsequently vacated by stipulation of the parties, the case was reopened, and the respondent answered the petition. In the answer, the respondent asserts that the petitioner's first claim should be denied for lack of merit because the petitioner has failed to show that he was prejudiced by the failure of his appellate counsel to file his direct appeal in a timely manner. As for the petitioner's second and third claims, the respondent argues that they are procedurally defaulted because the petitioner failed to include them in his appeal of right and the Michigan courts relied on this failure in denying relief.

## III. Standard of Review

The provisions of the Antiterrrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), govern this case. The AEDPA "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Where a state court has previously addressed the merits of a federal claim, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on the federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"or it "resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (*quoting Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)).

## IV. Analysis

The petitioner claims in his first ground for relief that he was deprived the effective assistance of counsel when his counsel failed to timely filed a direct appeal. Upon review of the record, the Court finds that the petitioner is entitled to habeas relief on this claim.

The Supreme Court has held that defendants in criminal cases have a constitutional right to the effective assistance of counsel in their first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States

Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. "This requires a showing that counsel made errors so serious that he or she was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

In this case, the performance prong is not at issue, because the respondent does not attempt to argue that the petitioner's counsel was not constitutionally deficient.[3] Instead, as

---

[3]The record supports the petitioner's contention that his counsel performed deficiently in failing to timely file a notice of appeal. The petitioner's verified *pro se* motion for relief from judgment states that the petitioner had retained his trial counsel to pursue his direct appeal. The petitioner asserts that he inquired about the status of his appeal during a court hearing on a separate case, and at that time petitioner's trial counsel, who was representing the petitioner with regard to the separate case, went to the court clerk and returned with forms for a notice of appeal, and instructed the petitioner to complete the forms and request a court appointed lawyer. The petitioner further asserts that he completed the forms but the time had already expired for filing a notice of appeal. A review of the Livingston County docket reflects an order on appointment of appellate counsel was docketed on March 27, 2001, past the time set forth in the Michigan Court Rules for filing a notice of appeal, and no notice of appeal was ever filed by either counsel. This record is evidence of ineffective assistance of counsel. *Cf. Evitts*, 469 U.S. 387, 394, n. 6 (counsel's failure to present appeal in accordance with state rules is "particularly egregious in that it essentially waived respondent's

to the first claim in the petition, the respondent's sole argument is that the petitioner is not entitled to habeas relief because he has failed to establish that he suffered prejudice as a result of the failure of his counsel to perfect a timely appeal. The respondent has not argued or briefed the question of whether the first prong of *Strickland* is met and thus this argument has been waived. *Cf. Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1172 (6th Cir. 1996) (issues not squarely presented to the trial court are considered waived); *Barany-Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008) (same). The sole issue therefore is whether the prejudice prong of *Strickland* is satisfied on these facts.

To satisfy the prejudice prong under *Strickland*, a petitioner must ordinarily show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* In cases such as this, when counsel's deficiency deprives a petitioner of an appeal by right, the Sixth Circuit has held that the petitioner need not make a showing of prejudice because prejudice is presumed. *See Hardaway v. Robinson*, __ F.3d __. 2011 WL 1405106 (6th Cir. April 14, 2011).

---

opportunity to make a case on the merits; in this sense it is difficult to distinguish respondent's situation from that of someone who had no counsel at all."); *Dietz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004) ("the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment"). There is no suggestion in the record that the petitioner affirmatively declined to appeal after receiving competent advice on the subject. The delayed application for leave to appeal filed in the Michigan Court of Appeals by petitioner's appellate counsel suggests that the error was caused by the failure of his client to request appellate counsel in a timely manner. While it is not clear from the record which of the petitioner's attorneys is responsible for the failure to file the appeal in a timely manner, the question here is not the culpability of the attorneys, but rather whether the petitioner received the effective assistance of counsel on his first appeal to which he was entitled.

In *Hardaway*, the petitioner's counsel filed a timely appeal but failed to file an appellate brief as required by the Michigan rules, resulting in the Michigan Court of Appeals dismissing Hardaway's appeal. 2011 WL 1405106 at *2. Hardaway's new counsel filed a delayed application for leave to appeal, which was dismissed as untimely. *Id.* The Michigan Supreme Court denied leave to appeal, but suggested that Hardaway file a motion for relief from judgment in the trial court, raising ineffective assistance of appellate counsel as cause for his failure to raise his claims on direct appeal. *Id.* Hardaway filed a motion for post-conviction relief in the trial court. *Id.* The trial court denied the motion on the merits, and the Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal "for lack of merit in the grounds presented." *Id.* Hardaway then filed a federal habeas corpus petition, asserting that his appellate counsel was ineffective for failing to file a timely brief, resulting in dismissal of his direct appeal. *Id.* The district court denied relief, holding that Hardaway was not prejudiced by his appellate counsel's deficient performance because Michigan's collateral post-conviction procedure was an adequate substitute for Hardaway's direct appeal. *Id.*

The Sixth Circuit reversed. It held that Hardaway was prejudiced by the failure of his appellate counsel to file a timely appellate brief "because the failure to file an appellate brief rendered Hardaway's direct appeal 'entirely nonexistent,'" and in such circumstances, prejudice is presumed. *Id.* at *4 ___ (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). The court further held that the availability of collateral review under section 6.500 of the Michigan Court Rules, and appeal from the denial of such collateral relief, could not reasonably be deemed a sufficient substitute for the loss of the petitioner's right to a direct

appeal. *Id.* The court remanded the petition to the district court with instructions to issue a conditional writ directing the state to afford Hardaway a direct appeal. *Id.* at *6.

*Hardaway* requires this Court to issue a conditional writ in the present case. As in *Hardaway*, the petitioner here was deprived of an appeal of right in the Michigan Court of Appeals, a procedure to which he was entitled, as a result of the failure of his counsel to comply with a straightforward state procedural rule governing appeals. As in *Hardaway*, it is undisputed that this failure constituted ineffective assistance of appellate counsel under *Strickland*. To the extent that Michigan courts ruled to the contrary, such a conclusion unreasonably applied clearly established federal law. *Hardaway*, 2011 WL 1405106 at *4 & n.1. The petitioner is therefore entitled to habeas relief on his claim that he was denied the effective assistance of appellate counsel.

The Court will not reach the petitioner's other habeas claims because the disposition of his appeal may affect the remaining claims. Instead, the petitioner's other habeas claims will be dismissed without prejudice to refiling them after the conclusion of the petitioner's state appellate proceedings. The Court declines to issue the petitioner a certificate of appealability as to this dismissal, because the petitioner cannot make a substantial showing that the dismissal will deny him a constitutional right. See 28 U.S.C. § 2253(c).

**ORDER**

**WHEREFORE, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus is **CONDITIONALLY GRANTED** as to the first claim in the petition, that the petitioner was deprived of effective assistance of counsel by the failure of his counsel to timely file an appeal of right. The State must provide the petitioner an appeal as of right in

the Michigan Court of Appeals or release him from custody under this judgment of sentence at issue here within 60 days of the date of this order. If the State fails to take such action, this Court shall consider the issuance of an additional writ unconditionally releasing the petitioner from state custody under the judgment of sentence at issue here.

**IT IS FURTHER ORDERED** that Claims II and III of the petition are **DISMISSED WITHOUT PREJUDICE**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 25, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 25, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager