UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY RUSSELL GLOVER,

      Petitioner,

v.

THOMAS M. BIRKETT,

      Respondent.
                                      /

Case No. 07-cv-11912

HONORABLE NANCY G. EDMUNDS

## ORDER GRANTING RESPONDENT'S MOTION FOR IMMEDIATE CONSIDERATION AND FOR STAY PENDING APPEAL [DKT. 23]

This matter comes before the Court on respondent's motion for immediate consideration and for a stay pending appeal of this Court's earlier order conditionally granting habeas relief. Petitioner has filed a brief opposing a stay. For the reasons set forth below, respondent's motion is **GRANTED**.

**I.**    **Background**

Petitioner Sandy Russell Glover, a Michigan Department of Corrections inmate currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Glover's conviction and sentence for assault with intent to cause great bodily injury. The petitioner's conviction stems from an incident in the Livingston County jail in which the petitioner, while jailed pending trial on an assault charge involving his estranged wife, participated in a prison beating of another inmate. The petition asserts that the petitioner was denied the effective assistance of appellate counsel when his counsel failed

to timely file an appeal as of right with the Michigan Court of Appeals, that petitioner's trial was tainted by illegal identification procedures, and that petitioner's due process rights were violated when the trial court relied on inaccurate information in his sentencing.

On April 25, 2011, the Court granted a conditional writ of habeas corpus on petitioner's claim of ineffective assistance of appellate counsel. The conditional writ required the State to afford the petitioner a new appeal of right within 60 days or release the petitioner from custody under the sentence at issue here. The Court dismissed without prejudice the remaining claims in the petition.

Petitioner's sentence in the present case of 10 to 15 years imprisonment was imposed to run consecutively to a sentence of 6 to 15 years imprisonment imposed in the case for which he was in jail awaiting trial at the time of the prison assault. That conviction was the subject of another habeas petition, *Glover v. Palmer*, Case No. 07-11305, before the Honorable Patrick J. Duggan of this court. Judge Duggan denied the petition in Case No. 07-11305 on March 29, 2010. On February 2, 2011, the Sixth Circuit issued a certificate of appealability as to several issues raised by the petitioner in Case No. 07-11305, including the issue whether appellate counsel was ineffective for failing to file a timely appeal, the critical issue in the present case. The appeal of Case No. 07-11305 is still pending.

On May 6, 2011, the respondent filed a timely notice of appeal of this Court's order granting the petition to the United States Court of Appeals for the Sixth Circuit.

## II. <u>Analysis</u>

Respondent asks this Court to stay, pending appellate review, its order conditionally granting in part the petition for writ of habeas corpus. Petitioner opposes a stay.

Federal Rule of Appellate Procedure 23(c) provides that

> While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

Fed. R. App. Pro. Rule 23(c). Rule 23(c) creates a presumption of release from custody pending appeal of a district court's grant of a habeas petition. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). This presumption, however, may be overcome if the court, in its broad discretion, determines that traditional stay factors tip the balance against release. *Id.* at 775, 777. These traditional stay factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776.

The court may consider the risk of flight and the risk that the prisoner may pose a danger to the public if released. *Id.* at 777. The court may also consider the state's interest "in continuing custody and rehabilitation pending a final determination of the case on appeal." *Id.* This interest "will be strongest when the remaining portion of sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.*

The first factor a court must consider in determining whether to stay an order granting a habeas petition is whether the respondent has made a strong showing that it is likely to

succeed on the merits, or at the very least has demonstrated "a substantial case on the merits." *Hilton*, 481 U.S. at 778. Respondent contends that this it is likely to succeed on appeal because, it asserts, this Court erred when it held that *Hardaway v. Robinson*, __ F.3d __, 2011 WL 1405106 (6th Cir. April 14, 2011), required habeas relief in the present case. Respondent argues that *Hardaway* is distinguishable. Respondent also argues that *Hardaway* itself was decided incorrectly, and that a motion for reconsideration has been filed in *Hardaway* that may result in its reversal. While the Court is not persuaded that its grant of habeas relief was incorrect, the Court recognizes that the Court of Appeals may disagree with this Court's analysis of the petitioner's claims and the applicability of *Hardaway*. As such, the respondent has at least demonstrated that it has a "substantial case on the merits." *Hilton*, 481 U.S. at 778.

The second *Hilton* factor is whether the applicant will be irreparably injured absent a stay. The state's interest in rehabilitating a prisoner is a factor to be considered by a court in deciding whether to issue a stay, and this interest is strongest when the remaining portion of the sentence to be served is long. *Hilton*, 481 U.S. at 777. The sentence imposed by the state trial court in this case was lengthy, 10 to 15 years, and was imposed to run consecutively to a sentence of 6 to 15 years imposed in the petitioner's previous assault conviction. More than half of the petitioner's minimum sentence remains to be served, and petitioner's maximum sentence has yet to run at all. The respondent also has an interest in obtaining effective appellate review. If the respondent is required immediately to reinstate petitioner's state court appeal, respondent's appeal of this Court's order might be rendered moot. On the other hand, if the United States Court of Appeals for the Sixth Circuit were to reverse this Court's

4

decision, the state would be spared the time and expense involved in reinstating the appeal. The second *Hilton* factor, therefore, weighs in favor of the applicant.[1]

The third *Hilton* factor is whether issuance of the stay will substantially injure other parties interested in the proceeding. Issuance of a stay here will not substantially injure the petitioner because execution of the conditional writ of habeas corpus will not necessarily result in the petitioner's release, and would at most allow the petitioner to be eligible for parole. Execution of the conditional writ of habeas corpus would not require a new trial, and therefore the petitioner would not suffer prejudice from increasingly stale evidence. While the petitioner argues that he will be prejudiced by permitting the state to delay instituting his appeal by right during the pendency of respondent's appeal to the Sixth Circuit, some delay in relief is an inevitable consequence of any appeal and the extent of such a delay is speculative. The third *Hilton* factor does not weigh strongly against granting the stay.

The fourth factor to be considered is the public interest. The Court notes that it could be a waste of judicial resources for the state to proceed with the petitioner's state court appeal while the appeal of this Court's order is pending before the Sixth Circuit Court of Appeals. Furthermore, the resolution of the appeal in petitioner's other federal habeas, Case No. 07-11305, which appeal has been pending in the Court of Appeals for over a year, will likely resolve the question in this habeas action. The Court finds that granting the stay would further the public interest.

---

[1] Respondent argues that the petitioner's danger to the public should also be considered as a factor in granting the stay. The Court does not find this argument persuasive, as it appears that the petitioner would not be eligible for immediate release even under an unconditional order of release, but would at the most be eligible for parole. The petitioner's danger to the public would of course be a factor that the parole board would consider in determining whether or not to grant such parole. M.C.L. 791.233(1)(a).

5

Finally, the Court notes that it did not, in conditionally granting habeas relief, find that there was any constitutional violation in the petitioner's trial itself. Petitioner's conviction has not been found to be constitutionally infirm, and the petitioner does not enjoy the presumption of innocence that he would enjoy if the conviction itself had been found unconstitutional. *See Herrera v. Collins,* 506 U.S. 390, (1993) (once defendant has been afforded fair trial and convicted of the offence charged, presumption of innocence disappears); *Cf. Hilton*, 481 U.S. at 779 (successful habeas petitioner is in considerably less favorable position to challenge his detention pending appeal than pretrial arrestee because petitioner has already been adjudged guilty beyond a reasonable doubt). The constitutional fault lay with the failure of petitioner's appellate counsel to perfect petitioner's appeal in a timely manner, thus prejudicing petitioner by depriving petitioner of an appeal by right. The fact that no constitutional infirmity has been found in petitioner's conviction also favors staying the Court's order pending appeal.

## III.  Conclusion

In light of the factors set forth in *Hilton*, a stay pending appeal is appropriate in this case. Respondent's motion for a stay of this Court's order conditionally granting habeas relief is **GRANTED**.

    s/Nancy G. Edmunds
    Nancy G. Edmunds
    United States District Judge

Dated:  May 16, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 16, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager