UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY RUSSELL GLOVER,

      Petitioner,

Case No. 07-cv-11912

HONORABLE NANCY G. EDMUNDS

v.

THOMAS M. BIRKETT,

      Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION
TO DISSOLVE STAY PENDING APPEAL [DKT. 28]**

This matter comes before the Court on petitioner's motion to dissolve the stay pending appeal of this Court's earlier order conditionally granting habeas relief. Respondent opposes lifting the stay. For the reasons set forth below, petitioner's motion is **DENIED**.

**I.**   **Background**

Petitioner Sandy Russell Glover, a Michigan Department of Corrections inmate currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan, filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenged Glover's conviction and sentence for assault with intent to cause great bodily injury. The petition asserted, *inter alia*, that petitioner was denied the effective assistance of appellate counsel when his counsel failed to timely file an appeal as of right with the Michigan Court of Appeals. On April 25, 2011, the Court granted a conditional writ of habeas corpus on petitioner's claim of ineffective assistance of appellate counsel, and dismissed his other claims without prejudice. The conditional writ required the state to

afford the petitioner a new appeal of right within 60 days or release the petitioner from custody under the sentence at issue here. On May 16, 2011, this Court granted respondent's motion for a stay pending appeal of that decision, holding that a stay pending appeal was appropriate in light of the factors set forth in *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).

Petitioner's sentence in the present case of 10 to 15 years imprisonment was imposed to run consecutively to a sentence of 6 to 15 years imprisonment imposed in another case. The earlier conviction was the subject of another habeas petition, *Glover v. Palmer*, Case No. 07-11305, before the Honorable Patrick J. Duggan of this court. Judge Duggan denied the petition in Case No. 07-11305 on March 29, 2010.

When this Court issued its order staying its conditional grant of habeas relief, the appeal of Case No. 07-11305 was still pending. On February 29, 2012, however, the United States Court of Appeals for the Sixth Circuit reversed the district court's order denying relief in Case No. 07-11305, holding in an unpublished opinion that appellate counsel's failure to perfect an appeal of right was *per se* prejudicial error under *Strickland v. Washington*, 466 U.S. 668 (1984). The mandate in that case has not yet issued. On March 27, 2012, Respondent filed a petition for rehearing *en banc* in Case No. 07-11305 (court of appeals Case No. 10-1577), arguing that the decision of the panel cannot be reconciled with existing United States Supreme Court precedent, and that it is factually distinguishable from *Hardaway v. Robinson*, 655 F.3d 445 (6th Cir. 2011).[1]

---

[1] The Court takes judicial notice of the Sixth Circuit Court of Appeal's publicly available dockets in *Glover v. Palmer,* No. 10-1577, and *Glover v. Birkett*, No. 11-1614, found at www.ca6.uscourts.gov.

Respondent in the present action filed a timely notice of appeal of this Court's order granting conditional habeas relief. Oral argument is scheduled for June 7, 2012.

## II. Analysis

Petitioner moves for an order dissolving the stay imposed by this Court in its May 16, 2011 order. In his motion, petitioner argues that the decision reversing the lower court in Case No. 07-11305 renders the continuation of the stay inappropriate. Petitioner argues that in light of that reversal, respondent no longer can demonstrate a substantial case on the merits in the present action, and that lifting the stay would not waste scarce judicial resources.

Respondent opposes lifting the stay. Respondent argues that the decision in petitioner's other habeas case was an unpublished opinion, and therefore not binding on a subsequent panel deciding an appeal of this action, that the mandate has not yet issued in the other habeas case, and that a motion for rehearing *en banc* is in the process of being considered. Respondent also argues that because the mandate has not yet issued in petitioner's other habeas action, the lower court order denying relief in that action remains in effect, petitioner is still lawfully imprisoned for that prior conviction for assault with intent to commit great bodily harm less than murder, and petitioner will not even begin serving his sentence for the present conviction until that sentence is fully served. In light of these facts, respondent argues that petitioner's motion to dissolve the stay is premature.

The Court agrees with respondent, both that the motion is premature and that the decision of the court of appeals reversing the denial of relief in petitioner's other habeas case is insufficient to require lifting the stay at this time. A decision of a court of appeals is not final until the mandate issues. *See Youghiogheny and Ohio Coal Co. v. Milliken*, 200 F.3d

942, 951 (6th Cir. 1999) (court of appeals directs district courts through mandate, not through orders); *Bianchi v. Perry*, 154 F.3d 1023, 1024 (9th Cir. 1998) (judgment of court of appeals is not final until the mandate issues to the district court). The lower court order denying petitioner habeas relief in his other action remains in effect, and he remains lawfully imprisoned under that conviction. Respondent still has a substantial case on the merits, even given the unpublished order of the court of appeals reversing petitioner's other habeas action. The *Hilton* factors, discussed in detail in this Court's May 16, 2011 order, remain in favor of continuing the stay at this time.

### III. Conclusion

Petitioner's motion to dissolve the stay [Dkt. 28] is **DENIED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 9, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 9, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4